IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT CAMPO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-00905-CV-W-ODS |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, (2) GRANTING PLAINTIFF'S MOTION FOR RULING AND
FINDING AS MOOT PLAINTIFF'S MOTION REGARDING PROCEDURES,
AND (3) GRANTING DEFENDANT'S MOTION TO STAY</u>

Pending are Plaintiff's Motion for Summary judgment (Doc. #3), Defendant's Motion to Stay this matter pending the Eighth Circuit's disposition of *Talley v. United States Department of Labor*, No. 19-1743 (Doc. #5), and Plaintiff's Motion for Ruling on Motion to Stay and Motion Regarding Procedures (Doc. #12). For the following reasons, Plaintiff's Motion for Summary Judgment is denied without prejudice, Plaintiff's Motion for Ruling on Motion to Stay and Motion Regarding Procedures is granted in part and denied in part as moot, and Defendant's Motion to Stay is granted.

## I.    BACKGROUND

Pursuant to the Freedom of Information Act ("FOIA"), Plaintiff Paul Campo seeks production of the following without redactions:

> [E]mails sent by Darin Powers on July 30, 2013 with the subject "WPS – next steps & actions" ("**Powers' emails**") that were at issue in three cases involving attorneys employed by the U.S. Department of Justice: *Jordan v. U.S. Dep't of Labor*, (D.D.C. No. 1:16-cv-01868-RC) (and the related appeal to the D.C. Circuit No. 18-5128); *Jordan v. U.S. Dep't of Justice*, (D.D.C. No. 1:17-cv-02702-RC); *Jordan v. U.S. Dep't of Labor*, (WDMO No. 5:18-cv-06129-ODS).

Doc. #1, ¶ 5. One of the identified matters was filed in this Court: *Jordan v. United States Department of Labor*, No. 18-6129 (W.D. Mo.) ("the *Jordan* matter"). In August 2018, Jack Jordan, who is an attorney but proceeded pro se, sought production of the

same emails.  The Court dismissed without prejudice one of Jordan's claims and granted summary judgment in favor of Defendant United States Department of Labor's ("DOL") on Jordan's other claim.  No. 18-6129 (Docs. #24, 55).  Jordan appealed the Court's decisions to the Eighth Circuit.  *Jordan v. U.S. Dep't of Labor*, No. 19-1743 (8th Cir.).  To date, the Eighth Circuit has not issued a decision.

In addition to the three matters identified in Campo's Complaint, another matter filed in this Court sought production of the same emails: *Talley v. United States Department of Labor*, No. 19-493 (W.D. Mo.) ("the *Talley* matter").[1]  After Ferissa Talley filed her lawsuit in June 2019, the DOL moved to stay the matter pending the Eighth Circuit's disposition of the *Jordan* matter.  In July 2019, the Court granted the DOL's request.  No. 19-493 (Doc. #7).  In October 2019, Jordan, now admitted to practice in this Court, entered his appearance on Talley's behalf.  No. 19-493 (Doc. #8). Talley moved to reconsider the stay entered in the matter.  No. 19-493 (Docs. #10, 13, 15).  On November 18, 2019, the Court denied Talley's request.  No. 19-493 (Doc. #16).  The next day, Talley filed a "Motion to Remedy Judge Smith's Lies and Crimes and Lift the Stay or Disqualify Judge Smith."  No. 19-493 (Doc. #17).  On January 8, 2020, the Court denied Talley's motion.  No. 19-493 (Doc. #22).[2]

Turning to the above-captioned matter, Campo filed suit on November 9, 2019. Doc. #1.  Days later, he filed a motion for summary judgment.  Doc. #3.  On December 3, 2019, Defendant United States Department of Justice ("DOJ") moved to transfer the case, then pending before the Honorable Fernando J. Gaitan, to the undersigned.  Doc. #5.  The DOJ also moved to stay this matter pending the Eighth Circuit's disposition of the *Jordan* matter.  *Id.*  On January 10, 2020, Judge Gaitan transferred the matter to the undersigned.  Doc. #5.  On February 6, 2020, Campo filed a Motion for Ruling on the DOJ's Motion to Stay and Motion Regarding Procedures.  Doc. #12.[3]  This Order addresses these three motions.

---

[1] Before Talley filed her lawsuit, Jordan moved to join Talley as a plaintiff in his lawsuit. No. 18-6129 (Doc. #37).  When summary judgment was entered in the DOL's favor, the Court found Jordan's motion to join Talley as a plaintiff was rendered moot.  Doc. #55.
[2] The Court also directed Talley and Jordan to show cause why they should not be held in contempt for possible violations of the Federal Rules of Civil Procedure, the Court's Local Rules, and the Code of Professional Responsibility.  No. 19-493 (Doc. #23).
[3] On February 7, 2020, Campo filed a Motion for Judgment on the Pleadings.  Doc. #13. This Order does not address that motion.

## II. CAMPO'S MOTION FOR SUMMARY JUDGMENT

### A. Timeliness of Response

On November 13, 2019, Campo filed a motion for summary judgment. Doc. #3. At some point during that same day, the DOJ was served in this matter. Doc. #4. It appears the summary judgment motion was not served with the lawsuit. Instead, according to the certificate of service, Campo emailed his summary judgment motion to Assistant United States Attorney Jeffrey Ray. Doc. #3; Doc. #6, at 17. Ray had not entered his appearance as counsel for the DOJ.

Campo argues the DOJ did not respond to his summary judgment motion, and thus, has admitted all facts therein. He claims the DOJ's response had to be filed within twenty-one days of being served. A written motion, unless it may be heard ex parte, must be served on every party. Fed. R. Civ. P. 5(a)(1)(D). When Campo filed his summary judgment motion, the DOJ was not represented by counsel in this case. While Campo emailed his motion to Ray, presumably because he thought Ray would be representing the DOJ, no attorney had entered an appearance in this matter. There is no indication that the summary judgment motion was served or otherwise provided to the DOJ.

It was not until December 3, 2019, that Ray entered his appearance on the DOJ's behalf. Doc. #5. On December 13, 2019, the DOJ filed its answer. Doc. #7. There is no dispute that the answer was timely filed. That same day, the DOJ filed its response to the summary judgment motion. Doc. #8. The record does not demonstrate Campo's summary judgment motion was properly served on the DOJ. Nevertheless, the DOJ responded on December 13, 2019. Campo does not establish the DOJ was properly served with his summary judgment motion, and if it was, what date the summary judgment motion was properly served on the DOJ. Moreover, Campo does not demonstrate the DOJ's response is untimely. Accordingly, the Court rejects Campo's argument that the DOJ did not timely respond to the motion.

### B. Campo's Purportedly Uncontroverted Facts in His Motion and Reply

"A party may move for summary judgment, identifying each claim or defense…on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "must begin its supporting suggestions with a concise statement of uncontroverted material facts. Each fact must be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c)." L.R. 56.1(a). Under Rule 56(c), a party must "cit[e] particular parts of materials in the record" to support each assertion of fact the party claims cannot be genuinely disputed. Fed. R. Civ. P. 56(c). Unless already part of the record, the party "must attach a copy of the relevant excerpt" supporting the assertion of fact. L.R. 56.1(d). While a party opposing a summary judgment motion is expressly permitted to include "a concise listing of material facts" upon which the party relies in opposing the motion, the Local Rules do not permit the movant to include additional uncontroverted facts in the movant's reply. L.R. 56.1(b)-(c).

In his "Statement of Uncontroverted Facts," Campo frequently includes more than one fact per paragraph. Doc. #3-1, at 6-10.[4] Pursuant to the Court's Local Rules, facts must "be set forth in separately numbered paragraphs." *See* Doc. #3-1, at 6-10; L.R. 56.1(a). Moreover, Campo's reply includes several additional facts he claims are uncontroverted. Doc. #9, at 5-9. *Id.* These additional facts are material; Campo relies on these facts to argue he is entitled to summary judgment. *Id.* at 10-12, 14-15. The additional facts include, but are not limited to, Campo requested records from the DOJ pursuant to FOIA, the records requested, the DOJ's denial of the request, his appeal of the DOJ's denial, etc. *Id.* at 5-9. Although material, these facts were not included in the motion. Campo seems to suggest the DOJ "knew" about these facts, but whether the DOJ knew about the facts does not excuse Campo's obligations under the Federal Rules of Civil Procedure or the Local Rules to set forth the material facts establishing he is entitled to summary judgment.

The Court could disregard the additional facts in Campo's reply. But that would result in the denial of Campo's summary judgment motion because the facts in his motion do not support entry of summary judgment. Given the ruling below on the DOJ's motion to stay, the Court finds it is more appropriate to deny Campo's summary judgment motion without prejudice.[2] Once a stay is lifted in a matter, the Court normally sets deadlines, including a deadline for dispositive motions.

---

[4] Campo's reply, which also includes a "Statement of Uncontroverted Facts," also fails to set forth facts in separately numbered paragraphs. Doc. #9, at 5-9.

4

## III. CAMPO'S MOTION FOR RULING AND REGARDING PROCEDURES[5]

### A. Request for Ruling

Campo asks that the Court issue a ruling on the DOJ's motion to stay. This motion is granted. *See infra*, section IV.

### B. Court Procedures

Campo asks the Court "confirm[] that these proceedings will be conducted in compliance with FRCP 83 and the Constitution, including that statements of fact will not be included in the page count of any of Plaintiff's suggestions under Local Rule 7.0." Doc. #12, at 2. Campo alleges the Court "has repeatedly circumscribed the plaintiff's briefing in another case" – i.e., the *Talley* matter. Doc. #12, at 3-4. It seems Campo is asking the Court to adhere to Local Rule 7.0 in this matter. The Court complies with the Local Rules, and therefore, the motion is denied as moot.

To the extent the Court's Orders denying without prejudice Talley's motions to reconsider (which Campo cites) were not clear, designating a section in a brief as "factual background" does not render that section impervious to the page limitations in the Court's Local Rules. Any section identified as containing facts must contain <u>facts</u>, not arguments or allegations. If Campo, like Talley, includes legal arguments and/or unsupported allegations in a section he identifies as "factual background," the Court will consider that section as part of his suggestions in support. Thus, that section will be included in the page limitations.[6]

## IV. THE DOJ'S MOTION TO STAY

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of*

---

[5] The remainder of Campo's motion reiterates arguments raised in his opposition to the motion to stay. Arguments relating to the motion to stay are addressed *infra*, section IV.
[6] Campo's motion also includes a section entitled, "The DOJ Subsequently Established that its Motion to Stay was Founded on Obvious Falsehoods and a Stay Would Be Clearly Illegal and Even Criminal." Doc. #12, at 1, 7. This argument, which does not pertain to the relief sought by Campo in this motion (*see* Doc. #12, at 2, 11), largely restates arguments he raised in his opposition to the DOJ's motion to stay. Campo's arguments pertaining to the motion to stay are addressed *infra*, section IV.

*Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citation omitted).  "In considering a motion for stay, a court should consider the interest of judicial economy and efficiency, and the potential prejudice or hardship to the parties."  *Johnson v. KFC Corp.*, No. 07-0416-CV-W-HFS, 2007 WL 3376750, at *2 (W.D. Mo. Nov. 7, 2007) (citation omitted); *see also Landis*, 299 U.S. at 254-55; *Thompson v. Rally House of Kan. City, Inc.*, No. 15-0886-CV-W-GAF, 2016 WL 9023433, at *4 (W.D. Mo. Jan. 25, 2016) (citation omitted).

### A. Controlling Law and Grounds to Support Motion to Stay

Campo contends the DOJ failed to cite controlling law or state the grounds for its request with particularity.  Doc. #6, at 6-11.[7]  The DOJ argues the Court should stay this matter pending disposition of the appeal in the *Jordan* matter because federal courts are guided by "the general principle of avoiding duplicative litigation."  Doc. #5, at 2-3.  Litigation is "duplicative when the issues in one case 'substantially duplicate those raised by a case pending in another court.'"  *Id.* at 3.  The DOJ maintains (and Campo concedes) the FOIA request in this matter and one of the FOIA requests in the *Jordan* matter "seek[] the same document."  *Id.* at 2.  As a result, the DOJ asserts it "is substantially likely" the Eighth Circuit's decision in the *Jordan* matter "will assist in the resolution of… substantive issues in this case."  *Id.* at 2.  Finally, the DOJ avers "considerations of judicial economy, consistency in legal determinations, discouragement of judge and forum shopping, and plain common sense dictate that this case…be stayed" until a decision is rendered in the *Jordan* matter.  *Id.* at 3.

Based on the foregoing, the Court finds the DOJ "state[d] with particularity the grounds for seeking the order" and "state[d] the relief sought," and therefore, satisfied the requirements of the Federal Rule of Civil Procedure.  Fed. R. Civ. P. 7(b)(1)(B)-(C).  In addition, the Court finds the DOJ cited controlling law – i.e., decisions issued by the United States Supreme Court and the Eighth Circuit.  Doc. #5, at 3.

---

[7] Throughout the rest of his response, Campo argues the DOJ asserted conclusory and/or vague contentions and "failed to present any grounds or any supporting law." Doc. #6, at 10-11, 13-15.  The Court encompasses those arguments in this section.

### B. Appropriateness and Necessity of Stay

Campo argues the DOJ failed to demonstrate a stay is necessary. To support this argument, he largely relies on *Moses H. Cone Memorial Hospital v. Mercury Construction Co.*, 460 U.S. 1 (1983). In *Moses H. Cone*, a district court stayed a matter pending resolution of a concurrent state court matter that addressed the same issue – i.e., whether claims were arbitrable. *Id.* at 4-8. The Supreme Court, applying the *Colorado River* factors, determined the district should not have stayed the matter pending resolution of the concurrent state court action. *Id.* at 11-28 (citing *Colo. R. Water Conservation Dist. v. United States*, 424 U.S. 800, 813-20 (1976)). Campo correctly identifies the *Colorado River* test requires the party seeking a stay to demonstrate exceptional circumstances justify a stay in certain matters. But the heightened standard Campo advances – i.e., "exceptional circumstances" – does not apply to this matter. That is because there is no parallel state court action related to this matter. *See Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (noting the "stricter standard" "applies when a federal court confronts a concurrent *state* court proceeding.") (emphasis in original) (citations omitted).

Instead, this Court must consider "whether the case before it [is] duplicative of" the *Jordan* matter as well as "conservation of judicial resources and comprehensive disposition of litigation." *Id.* (citations and internal quotation omitted). "Proceedings are duplicative if the issues in one case 'substantially duplicate those raised in a case pending in another court.'" *Id.* (quoting *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011)). "[T]he standard does not require precise identity between the parties and actions; abstention can be warranted when proceedings are duplicative because of the overlapping issues and parties." *Id.*

Campo seeks production of the same emails Jordan (and Talley) seek: emails sent by Darin Powers on July 30, 2013, with the subject "WPS – next steps & actions." No. 18-6129 (Doc. #1, ¶ 4); No. 19-493 (Doc. #1, ¶ 2); No. 19-905 (Doc. #1, ¶ 5). Moreover, Campo's allegations replicate many of the allegations asserted in the *Jordan* matter (and the Talley matter). *Compare* No. 18-6129 (Doc. #1, ¶¶ 4-7, 11, 22-31, 36, 39), *with* No. 19-493 (Doc. #1, ¶¶ 2-6, 8-10, 17, 20-22, 24), *and* No. 19-905 (Doc. #1, ¶¶ 5, 7-14, 16, 18-22, 24). In fact, Campo, Jordan, and Talley attach to their respective complaints the same redacted emails and a brief filed with the DOL's Benefits Review

Board in January 2018 that addresses the emails. No. 18-6129 (Doc. #1-2; Doc. #1-5); No. 19-493 (Doc. #1-1; Doc. #1-2); No. 19-905 (Doc. #1-1; Doc. #1-4). And Jordan and Campo attach the same letter to their complaint – that is, a letter dated October 28, 2015, to the administrative law judge who conducted an *in camera* inspection of the emails. No. 18-6129 (Doc. #1-3); No. 19-905 (Doc. #1-3).[8]

Although he concedes he seeks production of the same emails as Jordan, Campo argues his FOIA request is not "the same request" and is "very obviously very different" from Jordan's FOIA request because Campo requested the emails from the DOJ, and Jordan requested the emails from the DOL. Doc. #6, at 14.[9] However, Campo also argues, "the DOJ has attempted to justify its illegal and criminal efforts to conceal Powers' email in six suits so far." *Id.* at 13. The six lawsuits, which all involve Jordan (Campo's attorney), include two matters Jordan filed pro se in the United States District Court for the District of Columbia[10]; a matter filed in the Eastern District of New York[11]; the *Jordan* matter; the *Talley* matter; and this matter. *Id.* Only this matter and Jordan's second lawsuit in the District of Columbia were filed against the DOJ; all the other lawsuits were filed against the DOL. Yet, Campo argues the DOJ has been involved in all six matters. *Id.*

---

[8] The Court also notes many arguments Campo raises in opposition to the motion to stay were raised in Talley's opposition to the DOL's motion to stay. *Compare* No. 19-493 (Doc. #5, at 16-21, 23, 25-26), *with* No. 19-905 (Doc. #6, at 6-10, 12, 18-20).
[9] When referring to specific pages in filings, the Court uses the pagination the Court's electronic filing system applies to filings.
[10] *Jordan v. United States Department of Labor*, No. 16-CV-1868 (D.D.C.), *aff'd*, No. 18-5128 (D.C. Cir. Oct. 19, 2018); *Jordan v. United States Department of Justice*, No. 17-CV-2702 (D.D.C.). Regarding the first matter he filed, Jordan filed another appeal in 2019. *Jordan v. U.S. Dep't of Labor*, No. 19-5201 (D.C. Cir.). On January 16, 2020, the Court of Appeals denied Jordan's motion to compel the district court to include the Powers email in the record and forward the email to the appellate court. *Id.* (Doc. #1824499). It also denied Jordan's motion for a ruling in his favor and motion for summary reversal. *Id.* When granting the motion for summary affirmance, the Court of Appeals found, "[t]he merits of the parties' positions are so clear as to warrant summary action. The district court did not abuse its discretion…" *Id.* (internal citation omitted). "Appellant has not presented any newly discovered evidence that would affect the outcome of this case, shown that the judgment under review is void or that it would be inequitable to enforce the judgment, or shown any misconduct, fraud, or other grounds for relief under Rule 60." *Id.*
[11] *Immerso v. U.S. Dep't of Labor*, No. 19-CV-3777 (E.D.N.Y.). Jordan represents Immerso.

Campo also contends the DOJ failed to explain why Campo and Jordan seeking the same document is relevant.  But, at the same time, Campo does not show how this fact is irrelevant.  And he does not cite any legal authority to support his argument.  Moreover, this argument does not harmonize with Campo's summary judgment arguments and Jordan's declaration, which is submitted in support of Campo's motion for summary judgment, both of which address, at length, Jordan's lawsuits seeking production of the emails.  Doc. #3-1; Doc. #3-2.

Campo also argues the DOJ's defenses in this matter "are *completely* different" from those raised in the *Jordan* matter, and the DOL relies on a FOIA exemption that was not claimed by the DOL.  While the Court is aware the DOL and DOJ raised different exemptions to portions of the Powers' email when responding to FOIA requests, the Court notes the same email with the same redactions and the same claimed exemption appears in matters involving the DOL <u>and</u> matters involving the DOJ.  *See, e.g.,* Doc. #1-2; *Immerso v. U.S. Dep't of Labor*, No. 19-CV-3777 (E.D.N.Y.) (Doc. #1-1); *Talley*, No. 19-493 (Doc. #1-1); *Jordan v. U.S. Dep't of Justice*, No. 17-CV-2702 (D.D.C.) (Doc. #21-1).  Additionally, the DOJ represents it came into possession of the Powers' emails because of its representation of the DOL in one of Jordan's lawsuits.  Doc. #5, at 3 n.5.  Consequently, the DOJ will have the same defenses the DOL claimed but may have additional defenses.  *Id.*

Based on the foregoing, the Court finds the issues raised in this matter overlap the issues raised in the *Jordan* matter.  *BMO Harris Bank, N.A.*, 868 F.3d at 664; *Jeffries*, 653 F.3d at 763 n.3.

### C. Lack of Dispute

Campo also contends nothing is in dispute in this matter, and therefore, the DOJ's request for a stay should be denied.  First, he argues if the DOJ fails to file an answer, it will have admitted everything in the Complaint.  However, the DOJ filed its answer on December 13, 2019, which was the deadline for its answer.  Doc. #6, at 13; Doc. #7; 5 U.S.C. §552(a)(4)(C).  Thus, this argument fails.  Second, Campo alleges the DOJ failed to timely respond to his summary judgment motion, and therefore, the Court must enter summary judgment in his favor.  But, as set forth above, that argument also fails.  *See supra*, section II.

### D. Other Considerations

The DOJ contends "considerations of judicial economy, consistency in legal determinations, discouragement of judge and forum shopping, and plain common sense dictate that this case…be stayed…." Doc. #5, at 3. Although Campo argues the DOJ's motion is a waste of the Court's time and resources, he does not explain why staying this matter pending the Eighth Circuit's disposition of the *Jordan* matter would not preserve the parties' or judicial resources.

The *Jordan* matter is currently on appeal with the Eighth Circuit. In this matter, an answer was filed but the Court has not issued its Rule 16 notice. The *Jordan* matter has been fully briefed since November 2019, and the Eighth Circuit's decision should be forthcoming. Given the posture of both proceedings, the Eighth Circuit will more expeditiously resolve the issue. Further, staying this matter will conserve the parties' and the judiciary's time and resources in that the same issues and arguments will not have to be relitigated while awaiting a decision from the Eighth Circuit.

Campo maintains a stay denies him prompt resolution of the issues in this matter. Doc. #6, at 16. But the potential prejudice to Campo is minimal. To the extent Campo is prejudiced by the stay, "the potential for 'duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay.'" *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12, 2009) (citations omitted). Based on the filings in the *Jordan matter*, the *Talley* matter, and this matter, the parties will engage in duplicative motion practice if the matter is not stayed pending the Eighth Circuit's resolution of the *Jordan* matter. For the foregoing reasons, the Court finds a stay of this matter is both appropriate and necessary.

### V. ACCUSATIONS AGAINST THE DOJ AND ITS ATTORNEY

Throughout his response to the DOJ's motion to stay, Campo accuses the DOJ and its attorney, Jeffrey Ray, of improper and/or illegal conduct – e.g., "Ray's and the DOJ's actions are so illegal that they are criminal," Ray "tried to entrap Judge Gaitan in crimes," "Ray *knowingly* urged this Court to commit 'treason to the [C]onstitution,'" "Ray repeatedly deceitfully referred" to an issue," Ray knows a stay "is illegal," "[t]he DOJ is

illegally attempting to thwart FOIA," Ray made "obviously knowingly false" contentions, and Ray's contention "was at least deceitful if not knowingly false." *Id.* at 10-11, 13-16. Unsubstantiated allegations of improper or illegal conduct are unethical and inappropriate and will not be tolerated by this Court. *See Ross v. Kan. City Power & Light Co.*, 197 F.R.D. 646 (W.D. Mo. 2000). Jordan and Campo should consider themselves fairly warned.

## VI.   CONCLUSION

For the foregoing reasons, the Court denies without prejudice Campo's Motion for Summary Judgment, grants in part and denies in part as moot Campo's Motion for Ruling on Motion to Stay and Motion Regarding Procedures, and grants the DOJ's Motion to Stay. This matter is stayed pending the Eighth Circuit's disposition of the *Jordan* matter.

IT IS SO ORDERED.

DATE:  February 11, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT