IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| ROBERT CAMPO, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 19-00905-CV-W-ODS |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

ORDER (1) GRANTING THE PARTIES' REQUESTS TO LIFT THE STAY, (2) LIFTING THE STAY, (3) DENYING PLAINTIFF'S OTHER REQUESTS FOR RELIEF, (3) DIRECTING THE PARTIES TO FILE DISPOSITIVE MOTIONS, AND (4) DIRECTING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

On February 6, 2020, the Court stayed this matter pending the Eighth Circuit's disposition of *Jordan v. United States Department of Labor*, No. 19-1743. Doc. #14. On February 21, 2020, the Eighth Circuit issued its decision in *Jordan*, affirming the Court's decisions to dismiss some claims as duplicative of another pending litigation and granting summary judgment on the remaining claims. No. 18-6129 (Doc. #81-1). After the Eighth Circuit issued its decision but before it issued its mandate, both parties asked the Court to lift the stay in this matter. Docs. #18, 20.

On May 5, 2020, the Eighth Circuit issued its mandate. No. 18-6129 (Doc. #82). In doing so, the Eighth Circuit has disposed of the *Jordan* matter. 16AA Catherine T. Struve, Federal Practice and Procedure § 3987 (4th ed. 2020). (stating "[u]ntil the mandate issues…, the case ordinarily remains within the jurisdiction of the court of appeals."). Accordingly, the Court grants the parties' requests to lift the stay and hereby lifts the stay in this matter.

Defendant requests the Court enter a briefing schedule, requiring the parties to file dispositive motions within thirty days of the mandate being issued. Doc. #18 at 1. Plaintiff argues Defendant's request should be denied because Defendant has "failed to ever show that tying the timing of proceedings in this case to proceedings in *Jordan 2018* was not clearly contrary to clear and clearly-controlling plain language of the

Constitution, federal law and Supreme Court and Eighth Circuit precedent." Doc. #19, at 1. He also contends Defendant "has refused to address any of Plaintiff's analysis establishing the blatant illegality" of the stay entered in this matter. *Id.* Finally, Plaintiff argues Defendant's motion fails to comply with the Local Rules and the Federal Rules of Civil Procedure. *Id.* at 2. Plaintiff, however, does not provide an alternative suggestion as to how this case should move forward.

The Court directs the parties to file all dispositive motions by no later than June 3, 2020. In addition, Defendant shall file its response to Plaintiff's Motion for Judgment on the Pleadings (Doc. #13) by no later than June 3, 2020. The parties' motions and filings shall comply with the requirements set forth in the Local Rules and the Federal Rules of Civil Procedure. Plaintiff's remaining requests in his motions filed on February 2020 (Docs. #15, 16) and April 17, 2020 (Doc. #20) are denied.

IT IS SO ORDERED.

DATE: May 5, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT